Plaintiff/Appellee, Ruby Salva, filed suit against Defendant/Appellant, Robert Fritz, for the wrongful death of her husband, John Salva. The jury returned a verdict in favor of the Plaintiff for $100,000.00. The trial court denied the Defendant's motion for a new trial and he appealed. We affirm
John Salva, while pouring gasoline into his disabled truck on the shoulder of the highway, was struck and killed by a car driven by the Defendant Fritz. Witnesses testified they saw Defendant's car swerve toward Salva and then accelerate after hitting Salva. Defendant's car continued some distance before Defendant returned to *Page 885 
the scene of the incident where, according to the witnesses, he staggered, appeared to be drunk, and smelled of alcohol. One of the witnesses further testified that he maintained a continuous surveillance and custody of Defendant at the scene until the arrival of the police only a few minutes later
Of the four issues raised by Defendant on appeal, two were sufficiently preserved and presented for our review
 I
Defendant alleges that the results of the photoelectric intoximeter test ("breath test") were unreliable, and thus inadmissible, for two reasons: 1) a lack of continuous custody of Defendant during the approximately one hour and ten minutes interval between the time of the incident and the time the test was administered by the investigating officer; and 2) the existence of variable and individual tolerances for alcohol There is no merit in these arguments
Uncontroverted evidence established that Defendant was under continuous surveillance from the time of the incident and that he was under continuous custody and control from the time he left his car at the scene until after the administration of the P.E.I. test. Unquestionably, under these circumstances, one could reasonably conclude that there was no break in the chain of custody and control of Defendant. Additionally, the reliability of the proffered evidence was not so affected by the "time span" challenge to render it inadmissible. See McGheev. State, 365 So.2d 116 (Ala.Cr.App. 1978); cert. denied,365 So.2d 123 (Ala. 1978)
As to the second prong of Appellant's challenge to the admissibility of the P.E.I. test, we note that the test was administered by a trained, qualified and certified officer one hour and ten minutes after the occurrence, and revealed an alcohol content of .15 per cent in Defendant's blood. Under the provisions of Code 1975, § 32-5A-194 (b)(3), "[i]f there were at [the time of the incident] 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol." Appellant, however, makes the naked assertion that "[i]t is a well known fact that the same quantity of alcohol in the blood does not provide in all persons the same degree of perceptible divergence from the norm." We find this ground of challenge, absent any evidentiary support therefor in the record, inadequate as a matter of law
 II
Defendant challenges the jury's award of $100,000.00 as excessive. This State's rule with regard to an award of punitive damages has been well-stated by this Court:
 "While juries, in the assessment of punitive damages are given a discretion in determining the amount of the damages, this discretion is not an unbridled or arbitrary one, but a legal, sound, and honest discretion. Due regard should be had to the necessity of preventing similar wrongs. Briefly, the punishment by way of damages is intended not only to punish the wrong doer, but also, to deter others similarly minded. [Cites omitted.]"
Magnusson v. Swan, 291 Ala. 151, 155, 279 So.2d 422 (1973) Nothing in the record before us indicates that the verdict was excessive nor that the members of the jury, after hearing the testimony of all of the witnesses, abused their discretion in analyzing the issue of damages. "Moreover, the denial by the trial Court of this ground for a new trial serves to strengthen the validity of the jury verdict." Beloit Corporation vHarrell, 339 So.2d 992, 999 (Ala. 1976). We therefore affirm
AFFIRMED
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur *Page 886